The first case for argument is 20-3370 Eastern Arkansas, Rebecca Sterling v. Board of Trustees et al. Alright, Ms. James, we'll hear from you first. Good morning, may it please the court. My name is Sarah James and I represent the appellants, the Board of Trustees of the University of Arkansas and Bentley Wallace. In this case, Rebecca Sterling claims that Bentley Wallace retaliated against her in violation of the Family Medical Leave Act because he declined to hire her for a job after she emailed him about changing the time of her interview to attend her mother's cancer doctor appointment. She seeks money damages from the board and from Wallace personally. The University appellants seek reversal of the denial of qualified immunity for Wallace. A plaintiff must, of course, prove two things to breach the qualified immunity defense. One, whether there was a violation of her protected right and two, whether that right was clearly established such that a reasonable officer would have known that he or she violated that right. For the reasons I will discuss, there was no violation here because Sterling never exercised a right under the FMLA in the first place. As to whether the right was clearly established, the district court relied on Darby v. Bratch and held that qualified immunity is not available in FMLA cases because the FMLA has created the clearly established right to be free from discrimination. But this is only true at a high level of generality. As the court's well aware, case law has evolved to require a high degree of specificity in defining that right. In other words, it's whether the official acted reasonably in the very particular circumstances that he or she faced. So we must look at what was in front of Wallace at the time, the decision. In addition, as Judge Colleton may recall, having served on the panel, this court granted qualified immunity in the later FMLA case, Hager v. Arkansas Department of Health, holding that because the plaintiff didn't give the required 30-day notice under the act, she never engaged in protected activity, and the supervisor was entitled to qualified immunity for both her claim of retaliation and interference. Here, no reasonable official would have known that Sterling was attempting or had attempted to exercise FMLA rights for two critical reasons, lack of knowledge and lack of notice. As to knowledge, probably the most important factor, this court's consistently held that it's the decision maker, and here the defendant who was sued in his individual capacity, who must have knowledge of the asserted protected activity to hold the individual or the institution liable. Wallace and Sterling knew one another, but worked in entirely separate departments at the college. He didn't supervise her, he knew nothing about any aspect of her employment, including her leave status. Excuse me for interrupting, but what concerns me about this case is that I believe the district court already concluded that there was sufficient evidence to find a causal connection between the request to reschedule the interview and the failure to select. As I understand the qualified immunity law, we have to take that assumption as a given, because that's a matter of evidentiary sufficiency. And so my question is, if we assume that Sterling declined to select, excuse me, not Sterling, we assume that Wallace declined to select Sterling because she requested to reschedule the interview on account of the cancer appointment, why would a reasonable official think that was a permissible action? Your Honor, the contention here is that looking at all the facts in the light most favorable, as we must do, of course, to the plaintiff, and all we have in essence here is that email exchange, as far as what type of notice showing her attempt to exercise a right under the statute, those facts are insufficient to show that as a matter of law and under the act itself, she put Wallace on any notice that she was attempting to exercise that right. And so out of the gate here... You mean the argument is that Wallace would have thought it was okay to reject her on account of the scheduling request because Wallace could have thought that wasn't an FMLA request, that he could reject her on that basis anyway? It's really that Wallace would have never known that the right was coming into play at all, that there was nothing in her email itself that would have ever put him on notice that FMLA leave was even an issue, based on the information she provided. Well, I have a question. I thought she had already been approved for FMLA leave. You said she had not requested it, but I thought she had already been approved for it. Judge McLeod, that's correct. She had been, but Wallace had no knowledge of that. Sterling worked in a different department from Bentley Wallace. She made that request through her supervisor in HR and admitted in deposition that those are the only people who knew about that. Wallace would have had no knowledge of that, and he testified that he did not, and those facts are not in dispute either. Well, but I think the district court said they were. I guess that's sort of the problem that we have is that the only evidence of Wallace's knowledge of FMLA leave is the email asking to reschedule, as I understand it. That's correct. And the district court said that's enough to put Wallace on notice that she had sought and been approved at that point for FMLA leave and was taking FMLA leave to take her mother to a cancer treatment. Now, you know, we may disagree that that is enough, but can we as an appellate court say the district court was wrong in the context of qualified immunity? The district court said that evidence was sufficient to at least create a genuine issue of material fact on that issue. Your Honor, the evidence was insufficient as a matter of law and under the act itself. That act is specific, and this court has in fact said that the notice obligation at issue is essential in an FMLA retaliation claim. And quoting straight from the statute in Mosley v. Cargill Meat Solutions, the court held that an employee, and this is straight from the statute, must provide enough information to show that family medical leave was needed. But I think you're confusing the initial request with what Wallace knew. I mean, as I understand it, she had been approved for FMLA leave, and the issue is, as I understand it, did Wallace know that? And did he retaliate? Wallace did not, Your Honor, in that it was clearly established that he had no knowledge whatsoever of any aspect of her employment. He was really a third party who was interviewing for a job in another department. Nothing to do with Sterling's employment, knew nothing about any aspect of her employment or her mother's health situation, her leave status. And so if it has to be the individual who's the decision maker, that decision maker has to be the one with knowledge. He has no knowledge of any of this. All Wallace had in front of him was this email saying, hey, can we look at scheduling another time? And he says, sure, due to my mother's cancer doctor appointment. That's all we have, cancer doctor appointment. He says, sure, we can. She comes back and says, wait, wait, don't change it yet. I'm looking to see if I can make other arrangements, if my sister can take her. In the end, she did not. She did not. She was able to make those arrangements and kept the interview as scheduled and did not go to that appointment. It seems to me that the question is whether the level of knowledge or notice is a fact question or a legal conclusion. I think if it's a fact question, then we've got Johnson versus Jones problems. We contend that it's a legal question, Your Honor, because of the statute itself and what it requires. What was at issue here was her request to take leave for the care of a family member with a serious health condition. To look at that, you have to look at the statute, which defines serious health condition. And that is a condition that requires either inpatient treatment or continuing treatment by a health care provider. In other words, it doesn't grant leave for just a one time appointment, as the court found in another case, but requires some information about the nature of the condition and whether the request of leave will at least be ongoing. This is such a particular type of leave, Your Honor. It's not just regular sick leave. She's asking to avail herself under the statute of the Family Medical Leave Act, which has very specific requirements. I think a plaintiff who is or an employee who is asking to avail herself of those rights must also require the notice requirements under that statute. And so this here, all we have is the word cancer. We don't know anything about whether or not this was some sort of, it can certainly be a serious condition, but we don't have any information about that, whether treatment was ongoing, anything to put him on notice that the particular type of leave, FMLA, was needed. And those facts are undisputed. It's all we have to go on, and it's legally insufficient under the requirements of the act. For example, this is very close to the Seventh Circuit case of Nicholson versus Pulte-Holmes that we cited in Hager. I'm sorry, that this court cited in Hager. The plaintiff made some casual comments about her apparent zero health, and she took a day off to take her father to a doctor's appointment, and the court said that was insufficient under the act for insufficient notice to know that, for the supervisor, that FMLA leave was being requested or was at issue. Was that a qualified immunity case? It is, Your Honor. No, I'm sorry, I take that back. This is the private employer, but it went to notice, and we have held that notice is important, even whether it's an interference claim or a retaliation claim is here. You have to provide some information to the decision maker, which in these cases is usually the supervisor with the knowledge of the plaintiff's leave status and employment aspects, and here we have a third party sitting over here just trying to schedule an interview and knows nothing about this plaintiff's employment, and then she just mentions the word cancer, doctor. This court has said in another case dealing with depression, for example, that such a term can encompass a wide variety of conditions, and it's not enough really to just say that without knowing more about whether that condition involved continuing care or more serious care. Do I have to save any time for rebuttal? Oh, I would, Your Honor, I'm sorry. I've gone over, I see here. Well, you don't have to stop. I just wanted to alert you that you're into your rebuttal time, but you may continue as you wish. I think that I made most of the points that I wanted to make there. If I can answer any questions, I'll certainly do that. Further questions, I'll certainly reserve that for rebuttal. Thank you. All right, very well. Thank you for your argument. Mr. Gillum, we'll hear from you. You'll have to turn on your microphone first. Sorry. May it please the court, my name is Lucian Gillum. I'm an attorney representing Rebecca Sterling in the lawsuit against UAPTC. I want to thank you for letting me appear remotely. On this issue of notice and knowledge of protected activity, I think one thing that needs to be remembered is Mr. Wallace's response to her email. She said she was going to her cancer, mother's cancer doctor appointment that day. His response was, sorry to hear that your mom is going through that. Hope her treatments are bearable and successful. The thing is that under 825.112, you can take leave for the serious health condition of a parent. Under 113A and 115C, E and F, cancer treatments or examinations to determine if there is cancer, those are all qualifying serious health conditions under the FMLA. Right there when he says her treatments are bearable and successful, that indicates some knowledge, though he denies it. Maybe he can tell a jury that I was just saying something nice. I don't think there's any doubt that he knew it was a serious condition. The question is, was he put on notice of a desire to take FMLA leave? If I recall right, the exchange essentially says that he offered to reschedule and she came back and said it's not necessary. That to me indicates almost the exact opposite of a desire to take FMLA leave. The thing is that that was during a work day. He knows she's an employee of the UAPTC. He knows that she's having to take off work and that's therefore FMLA qualifying leave. That's the first thing. The second thing is, sure, apparently they rescheduled and she wasn't going to have to do it that day. She's saying that I'm going to take time off, that is FMLA qualifying, and that is a protected activity whether or not she actually ended up doing it. That statement that I'm going to be needing to take time off is still protected activity under the FMLA. Your theory is that even though she came to the interview as scheduled and there was no need for this rescheduling to happen, Wallace refused to promote her because she had originally asked to reschedule and then told him that it wasn't necessary and that annoyed him so much that he refused to promote her. That's the theory of your case? I don't think the theory is that he was annoyed that she was missing the interview. I think the theory is that he didn't want to hire somebody or promote somebody into that position that was going to be taking time off to deal with cancer for her mother. Your theory is because he knew about the cancer of the parent, he was afraid she would be gone too much and therefore didn't want her. I see. Go ahead. Sorry. And the other thing I would say... Just to be clear though, there is... And basically what you just articulated was what I thought the theory of the case was, was that she had been approved for FMLA leave, that Wallace was on notice that she was taking FMLA leave and that he retaliated by not promoting her because she was going to be taking a lot of time off. Yes, sir. But I think the real link here or question though is this notice issue. Is there anything beyond that email and is that enough to put somebody on notice that a person has sought and been approved for FMLA leave? Because it could be that she's got a number of siblings in the area and they're taking turns taking mom to the cancer treatment or this is just a one-off that maybe there's somebody else who normally does it. I mean, I guess I'm having trouble making that leap from one cancer treatment to putting that notice that she was taking FMLA leave. Well, once again, like I said, the first thing is that she had to be taking off work in order to go to that appointment and that would be FMLA leave. Now, the next thing, I mean, it would be FMLA qualifying leave. The next thing is that under 29 CFR… It's qualifying, but it doesn't mean she's taking it because if she's… FMLA leave is generally unpaid leave. So, you know, she could have been taking just a few days off and using some of her vacation time because she doesn't want to lose income. The fact that you're taking a parent to a medical appointment to me doesn't immediately indicate that you're taking FMLA leave. Well, I mean, the thing is, Judge, is that, you know, one thing I would say is that, you know, as you all know, under the FMLA, you get 12 weeks and unless there's a designation failure that somehow works a prejudice on the point of changes their activities such that they could have been protected under the FMLA, if you take time off for FMLA qualifying leave, it's generally going to be… You're not going to get in excess of the 12 weeks anyway. It's going to be counted as FMLA leave one way or another. Well, could a one-time, one-hour appointment be FMLA leave? It can be FMLA leave for, yes, yes. You don't have to do it on an ongoing basis. You could say, I just have a one-time need for FMLA leave. Yes, sir. Isn't that right? Yes, sir, absolutely. Here's my concern on this qualified immunity appeal. We have cases that say the sufficiency of notice is a question of fact for the jury and those cases might help your cause because that would suggest that if the district court said there's enough here for a jury to conclude that he was on notice, that it's a Johnson against Jones issue, we can't review that sufficiency on appeal. But I wonder whether we could review the following. Even if we assume that a jury could find that he was on notice, was it clearly established at the time of the incident that this kind of email exchange would put an official on notice? And I wonder if you have any view on that and if you have any case law that would support the idea that this kind of exchange is clearly established as adequate notice. Well, I do have... The first thing I would say is that I think the issue is whether or not it's clearly established that retaliation is legal. If notice is established, if knowledge of protected activity is established, it's clearly established that you can't retaliate. The second thing I would say is that if you look at like 29 CFRA 25303, when an employee seeks leave due to a qualifying reason for which the employer has previously provided the employee FMLA-protected leave, the employee must specifically reference either the qualifying reason for leave or the need for leave, for FMLA leave. So basically, you need to either say, I need FMLA leave or I need leave for my mother's cancer, which is what my client did. So under 303, I think it is clearly established that her statement is appropriate notice to the employer, is adequate to put the employer on notice. And I think what we also get into is that you can establish knowledge and intent through circumstantial evidence, like in the broadest case, as an example. And when he sends that email back saying that, you know, I hope her treatments are bearable and successful. I mean, that indicates that he knows that she's going out for, you know, it's not just some annual checkup or something like that. He knows it's to get treatment for cancer, which is FMLA qualifying. But then she comes back and says she doesn't need it. That's true, sir. But the issue is, once again, is that under the regulations, under 220, you can assert, you know, the mere request for leave, even if you don't end up using it, is a protected activity under 220. Any assertion of rights under the regulations and under the law is a protected activity. That's right. Can I clear up a fact question? Because I think somebody earlier said that Mr. Wallace had knowledge that she had been approved for FMLA leave. Is there any evidence of that? Is that true or not? Well, here's what I would say the evidence on that is. First of all, he denies that he knew that she was approved for FMLA leave. All right. Now, the second thing I would say, though, is that you can prove knowledge through circumstantial means. And so the circumstantial evidence we got is one, his statement about her treatments are bearable and successful, her treatments are bearable and successful. Two, that Reba Melton, yeah, that's her name, was on the committee with him and was the one who had approved my client's FMLA leave. So there was, you know, they knew each other. They talked to each other. No evidence, no evidence. She doesn't testify that she told it. No, she doesn't. Ms. Sterling does not testify that she told Bentley Wallace, this is FMLA leave. Ms. Melton, there's no evidence that Ms. Melton told Mr. Wallace that she had been approved. Well, I think under my argument about circumstantial evidence, I think his statement about treatments are bearable and successful. The fact that she was going out during the day would be circumstantial evidence of knowledge. Was Ms. Melton deposed? I mean, has anybody asked her? She was deposed, yes, sir. Well, what did she say in her deposition? I don't believe that is in the record, sir. So nobody asked her in her deposition if she told Wallace? Can't remember if I asked the question. I don't think that's in her testimony, though, whether I asked her or not. Did Wallace have access to Ms. Sterling's personnel file when they were doing the interviewing? He would have had access to the personnel file. My recollection is he denied reviewing personnel files, but he would have had access to it. Now, on the other hand, a normal procedure is that internal candidates have a preference and that they do give the files for review to the people that are involved. So I think that would be some circumstantial evidence, that procedure as well. But in any event... Going back to this question of clearly established, I understand your reference to the Regulation 303, but that's arguably at a higher level of generality than the question whether this particular scenario is enough. Are you familiar with any case law that addresses whether a single request to reschedule an interview to take a parent to a cancer treatment doesn't have to be maybe exactly the same, but anything like that that says that's adequate notice? The first thing I would say is that most of the FMLA notice cases are not being decided on an issue of qualified immunity. It's just whether or not there's notice. So FMLA case law in general on notice would be... Well, I know, but if you've got a case that wasn't a qualified immunity case, just a case that went to trial, say, or a case that was where there was this question of sufficiency of the evidence and the court said that's sufficient evidence to prove an FMLA case, that would be relevant. Okay. Well, and so what I'll say on that is two things. One is that under, for instance, Thorson v. Gemini, that was a lady who presented two doctor's notes, said she needed to be off for a week, and that was literally it. And it may well... You know, the Eighth Circuit commented in the case at the time it may have been a cold. You know, cancer is far more serious than anything Thorson had stated. So that's one thing. Now, the other thing is there is a First Amendment case where qualified immunity was denied based on regulatory statements alone. Unfortunately, I cannot recall the name of it at the moment. And that's my time. Okay, very well. Thank you for your argument. Ms. James, we'll hear from you in rebuttal. You'll have to turn on your microphone. Apologies. I do want to go back to the question about knowledge. We do have testimony from Ms. Sterling that this is the... that only her HR, to her knowledge, only HR and her supervisor knew about it. Mr. Gillum is not correct that there is no evidence that he would have had access to any of that information in interviewing a candidate. They don't provide that in these interviews and there's no evidence as to that. That would be relying on speculation. What if we just limit it then to the email about rescheduling the interview? Okay, and that's... Here's the concern. If the theory is correct that Wallace said, this lady asked to reschedule an interview because she has a parent who's got cancer and she's going to be troubled because she's going to be asking for all kinds of leave if I promote her, and I don't want that. So even though she's got the best score, I'm not going to take her. Why would a reasonable official think that that's consistent with the FMLA? Because that's a theory of the case and the district court said there's sufficient evidence for a jury to find that, and I think we have to take that as a given under Johnson against Jones. And your theory is, well, even though Wallace did it for that reason, as we have to assume, he could have reasonably believed that it was consistent with the FMLA to reject her on that basis. Why is that correct? The court's evidence relies in part, I think, on speculation to get there, and I think... Now you're fighting with the factual premise of the district court's assumption, I think. But go ahead. Well, it seems significant what we were talking about earlier about her response. For one thing, his comments, his subjective response to her comments, I think that he offered what would be a socially conventional response to her news that she had a mother who was ill. But his subjective interpretation has no bearing on what the objective requirements are under the statute, and it's whether that notice was legally sufficient, not his response to it that should be determinative. And I think when we look at the statute and what it requires, that it's not a one-off appointment. It has to be for leave that is continuing or in hospital, neither of which we have here. Any information about it at all. It's not just I have someone who's sick, but that FMLA leave, the very specific requirement, is being asked, is being requested, and so she has to comply with that. This notice does not comply with that, and therefore it's insufficient under the law. It's not a fact issue. It's just a sufficiency of the facts issue, but that it doesn't meet the standards under the act itself. It is a public argument. All right. Thank you for your argument. Your time has expired. We appreciate both counsel appearing this morning. The case is submitted.